WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCO GRATTON,<br><br>  Plaintiff,<br>vs.<br><br><br>CITY OF TUKWILA, JESSICA ARMSTRONG AND PHIL GLOVER<br>  Defendants | NO:<br><br>COMPLAINT FOR DAMAGES<br><br>(JURY DEMAND) |

## I.   NATURE OF ACTION

1.1 <u>Introduction.</u>  This is a civil rights action brought by the plaintiff pursuant to 42 U.S.C. § 1983 and the fourth and fourteenth amendments against the City of Tukwila and Tukwila Police Officer Jessica Armstrong.  Plaintiff also brings claims, including but not limited to excessive force and State claims include the tort of outrage, assault, negligence and violations of RCW 49.60.060.

1.2 On November 11, 2020 Officer Jessica Armstrong shot Franco Gratton in the back.  Franco was unarmed and did not pose a threat to the officer or any other person at the time Officer Armstrong shot him.

## II.   PARTIES

2.1 <u>Plaintiff Franco Gratton.</u>  Mr. Gratton is a resident of King County, Washington.

2.2 <u>Defendant City of Tukwila.</u>  Tukwila is a municipal corporation located in the Western District of Washington.  At all times relevant times, all individual Defendants named herein were agents of City of Tukwila, acting within the scope of their employment, and under color of state law.

2.3 <u>Defendant Jessica Armstrong:</u>  Jessica Armstrong is a Police Officer with the City of Tukwila.  Officer Armstrong was operating within the course and scope of her employment with the City of Tukwila and was acting under color of law at all relevant times.

2.4 <u>Defendant Phil Glover:</u>  Phil Glover is a Sergeant with the City of Tukwila.   Sergeant Glover was operating within the course and scope of his employment with the City of Tukwila and was acting under color of law at all relevant times.

## III.   JURISDICTION AND VENUE

3.1 **<u>Federal Jurisdiction.</u>**  This Court has Jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C §§ 1331 and 1343

3.2 **Jurisdiction over State Claims.**  This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.3 **Venue.**  Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C.§ 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Western District of Washington.

## IV.  FACTUAL BACKGROUND

4.1 In the early morning hours of November 13, 2020, Tukwila Police Officers responded to a suspicious vehicle call at 10456 47the Avenue South in Tukwila Washington.

4.2 Upon arrival at the scene, Officers located what they believed to be the suspicious vehicle.

4.3 Officer Armstrong and Sergeant Glover claim to have attempted to communicate with the occupants of the vehicle via a PA system.

4.4 After receiving no response from the occupants of the vehicle, Officer Armstrong and Sergeant Glover approached the vehicle with their weapons drawn.

4.5 Once at the driver side of the vehicle, Officer Armstrong tapped the barrel of her Automatic Rifle on the driver side window.

4.6 Officer Armstrong then instructed the driver to put the car into park.

4.7 The person in the driver seat, Franco Gratton, put the vehicle in park in response to the officer's demand.

4.8 Franco Gratton, an African American male, was terrified to see an officer with a gun drawn at the side of the vehicle.

4.9 While pointing the gun at the driver side of the vehicle, Officer Armstrong repeatedly demanded that Mr. Gratton get out of the car.

4.10     Sergeant Glover was also yelling at the occupants to get out of the car.  Sergeant Glover can be heard on police audio and video devices stating something to the effect of, "get out of the car, do you want to get shot?"

4.11	Mr. Gratton slowly opened the car door in response to the Tukwila law enforcement commands.

4.12	As Mr. Gratton was opening the door, Officer Armstrong was pointing a rifle at him while telling him to, "get your [Gratton's] ass up."

4.13	In compliance with the officer commands, Mr. Gratton began to step out of the vehicle with his raised over his head.

4.14	As Mr. Gratton was stepping out of the vehicle, Officer Armstrong shot him in the back for no apparent or legitimate reason.

4.15	Mr. Gratton immediately yelled out in pain and said to the officer "why did you shoot me?"

4.16	Mr. Gratton was transported to Harborview Medical Center for emergency medical treatment.

4.17	While Mr. Gratton survived the gunshot wound, he is left with significant emotional and physical injuries directly related to being shot by Officer Armstrong.

4.18	Franco Gratton was unarmed at the time he was shot and was not a danger to himself or others.

## V. VIOLATION OF WASHINGTON STATE LAW AGAINST DISCRIMINATION

5.1	Plaintiffs incorporates by reference paragraphs through

5.2	All Defendants are liable to all Plaintiffs for violation of the Washington State Law Against Discrimination (RCW 49.60.030)

5.3	RCW 49.60.030 dictates that individuals within the State of Washington have a right to be free from discrimination because of race, creed, color, national origin, citizenship or immigration status, sex, honorably discharged veteran military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right.

5.4	Franco Gratton is an African American.

5.5	Tukwila Law enforcement immediately treated Mr. Gratton as a dangerous suspect.

5.6  Mr. Gratton was not in possession of any weapons and was not a danger to anyone at the time officers began pointing guns at him.

5.7  Mr. Gratton did not make any threats toward law enforcement.

5.8  The officers show of force was directly related to how they perceived Franco Gratton.

5.9  Any person who deems herself or himself injured by any act in violation of the Washington State Law Against Discrimination shall have a civil action in a court of competent jurisdiction.

5.10  The defendants used excessive force against Franco Gratton while he was attempting to follow their commands.

## VI. TORT OF OUTRAGE

6.1  Plaintiffs incorporate by reference all previous paragraphs.

6.2  All Defendants are liable to all Plaintiffs for the Tort of Outrage.

6.3  The officer who shot Franco Gratton in the back did so either intentionally or recklessly.

6.4  Shooting an unarmed person without any justification is extreme and outrageous conduct.

6.5  The result of the officer's actions caused Franco Gratton severe emotional distress.

## VII. NEGLIGENCE:

7.1 Plaintiff incorporates by reference all previous paragraphs

7.2 The City of Tukwila, through its officers, owes a duty of care to person with whom they foreseeably interact with when they are dispatched to a particular scene.

7.3 The Defendant Officer, owed a duty of care to persons with whom they foreseeably interact with when they are dispatched to a particular scene.

7.4 The Defendant officers were dispatched to the scene to investigate what was claimed to have been a suspicious vehicle.

7.5 It was foreseeable that the officer would interact with an occupant in a vehicle that they were dispatched to investigate.

7.6 Further, the defendant officer has a duty to safely handle her weapon in such a way that it does not accidentally discharge.

7.7 The Defendant Officers breached her duty to protect the plaintiff's when she unjustifiably shot him in the back.

## VIII. INDEMNIFICATION

8.1 Plaintiff incorporates by reference all paragraphs in this Complaint.

8.2 In committing the acts alleged in this complaint, the defendant officers acted at all relevant times within the scope of their employment for the city of Tukwila.

8.3 As a result, pursuant to state law, the City of Tukwila must indemnify the defendant officers for any judgment against them.

## IX.  RESPONDEAT SUPERIOR

9.1 Plaintiff incorporates by reference all paragraphs in this complaint.

9.2 In committing the acts alleged in this complaint, the defendant Tukwila Police Officers acted at all relevant times within the scope of their employment with the City of Tukwila.

9.3 Defendant City of Tukwila, as principal, is liable for all tort committed by its Agents.  Tukwila, as principal, should also be liable for the constitutional violations committed by its officers, pursuant to common law as understood in 1871, and Because by law and county ordinance is wholly responsible for providing the Defense of the individual Defendant Officers and for indemnifying them against
any judgment or verdict that may result.

## X.  42 U.S.C. § 1983

10.1 Plaintiff incorporates by reference all paragraphs in the complaint.

10.2 By virtue of the facts set forth in this complaint, all Defendants are liable for Compensatory and punitive damages for deprivation of civil rights of plaintiff Franco Gratton.

10.3 The defendants used excessive force against Franco Gratton.

10.4 The defendants unlawfully seized Franco Gratton.

10.5 The defendants actions against the plaintiff were in violation of the 4th and 14th amendment of the United States Constitution.

## XI. MONELL CLAIM

11.1 Plaintiffs incorporates by reference all paragraphs set forth above against the City of Tukwila for the violation of their civil rights.

11.2 Defendants have a duty to use reasonable care in hiring, training and supervising their employees and agents.

11.3 The described conduct of the defendant officers in this complaint was undertaken pursuant to the policies, practices, and customs of the City of Tukwila, such that the City is liable to the plaintiffs in the following ways:

   a. The City, through its approval of the Defendant Officers actions, has ratified the Defendant Officers acted pursuant to the and in a manner consistent with the policies, customs, and practices of the City;

   b. As a matter of both policy and practice, the City encouraged, and was thereby the moving force behind, the misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifested a deliberate indifference;

   c. As a matter of both policy and practice, the city of Tukwila has facilitated the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby foreseeably leading its officers to believe their actions will never be meaningfully scrutinized and, in that way, encouraging and predictably resulting in unreasonable uses of excessive force such as those the Plaintiffs complain of;

   d. The City of Tukwila has a longstanding tradition of failing to hold officers accountable for using excessive force.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Awarding plaintiff special damages in such amount as shown at trial.
2. Awarding plaintiff general damages in such amount as shown at trial.
3. Awarding plaintiff costs and attorney fees.
4. Awarding plaintiff punitive damages.
5. Such additional relief which the court finds equitable and just.

DATED this 4th day November, 2022

**JAMES BIBLE**

*(signature)*

James Bible, WSBA No. 33985
Attorney for Plaintiff
14205 SE 36th Street Suite 100
Bellevue, WA 98006
Telephone: (425) 748-4585
E-mail: jbiblesblaw@gmail.com

**JESSE VALDEZ**

S/ Jesse Valdez
Jesse Valdez, WSBA 35378
Attorney for Plaintiff
14205 Se 36th Street Suite 100
Bellevue, WA 98006

**COMPLAINT FOR DAMAGES - 9**

JAMES BIBLE LAW GROUP
14205 SE 36th Street Suite 100
Bellevue, WA 98006
(425) 748-4585